FILED 16 JAN 11 15:22 USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-CR-00407-MC |
| Plaintiff, | |
| v | BRIEF IN SUPPORT OF |
| KENNETH W. MEDENBACH | DEFENDANT'S MOTION TO DISMISS |
| Defendant. | FOR LACK OF JURISDICTION |

The charges against the defendant, Kenneth W. Medenbach are barred, because the United States District Court of Oregon, Medford Division, has not proven jurisdiction, pursuant to the following cases:

The law provides that once State and Federal Jurisdiction has been challenged, it must be proven. Main v. Thiboutot, 100 S. Ct. 2502 (1980)

Jurisdiction can be challenged at any time and once challenged, cannot be assumed and must be decided. Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

"...there is, as well, no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215

"A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962)

The burden shifts to the court to prove jurisdiction. Rosemond v. Lambert, 469 F2d 416

...if the issue is presented in any way the burden of proving jurisdiction rests upon him who invokes it. Latana v. Hopper, 102 F. 2d 188

When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." Melo v. United States, 505 F. 2d 1026

Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150

No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608

Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are

1  regarded as binding in every other court. But if it acts without authority, its judgments
2  and orders are regarded as nullities. They are not voidable, but simply void, and form no
3  bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no
4  justification, and all persons concerned in executing such judgments or sentences are
5  considered in law as trespassers. Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340,
   7L.Ed. 164 (1828)
6

7  Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it
8  assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon
9  v. Dillon, 187 P 27

10

11 A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case
   before a tribunal is its power to act, and a court must have the authority to decide that
12 question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d
13 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409

14

15  January 4, 2016        *[signature: Kenneth W. Medenbach]*

16

17

18

19

20

21

22

23

CERTIFICATE OF SERVICE

I hereby certify that on 1/5/2016, I made service of the following document : BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION, by placing a copy in a first- class postage paid envelope in Burns, Oregon, for delivery by U.S. mail to the address set forth below:

United States of America
U.S. Attorney's Office
310 West Sixth
Medford, Oregon  97501

Kenneth W. Medenbach
135887 Main St., PO Box 333
Crescent, Oregon  97733

1